UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Sean P. Miner**<br><br>    Plaintiff<br><br>v.<br><br>**Cavalry Portfolio Services, LLC**<br><br>    Defendant | **Complaint and Jury Demand** |

**Nature of the Case**

1.  Plaintiff Sean P. Miner received a collection letter from a debt collector, defendant Cavalry, in which it claimed to have purchased a defaulted credit card account of Miner's from the original creditor, Bank of America. Miner disputed the debt in writing by certified mail, requested proof that Cavalry owns the debt, and asked Cavalry to stop contacting him. But Cavalry (1) failed to provide any adequate verification of the debt, and (2) continued to contact him in an attempt to collect the debt. This violated the federal Fair Debt Collection Practices Act, the purpose of which is to eliminate abusive debt collection practices by debt collectors.

**Federal Jurisdiction and Venue**

2.  The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

3.      Venue is proper in the District of Massachusetts because the Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here, pursuant to 28 U.S.C. § 1391(b).

**Parties**

4.      Plaintiff Sean P. Miner ("Miner" or "Plaintiff") is a natural person residing in Saugus, Massachusetts.

5.      Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a limited liability company incorporated in Delaware with its principal offices located in Phoenix, Arizona.

**Count I:**
**Fair Debt Collection Practices Act**
**(15 U.S.C. § 1592c and 1592g)**

6.      The preceding allegations are incorporated by reference.

7.      Cavalry is in the business of collecting debts that are owed or alleged to be owed to third parties, and conducts its collection efforts via the mail and telephone.

8.      Cavalry is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9.      The account at issue was opened primarily for personal or household use, and therefore is a "debt" as defined by the FDCPA. 15 U.S.C. § 1692a(5).

10.     On January 9, 2012, Cavalry sent a letter to Miner stating that Cavalry had acquired a Bank of America credit card account that Miner had allegedly opened. (**Exhibit A**.) This letter was the initial communication Cavalry had with Miner.

11. Within 30 days of the initial communication of a debt, such as the communication mentioned above, a consumer has the right to request verification of that debt. 15 U.S.C. § 1692g.

12. A consumer also has the right to request that a debt collector cease all communication about the debt with the consumer. 15 U.S.C. § 1692c.

13. Miner denies owing any amount to Cavalry, so in response to Cavalry's letter, Miner sent a letter via certified mail on January 19, 2012:

   a. Disputing the debt and asking for specific verification the he owes it to Cavalry, including "[A]ll papers or copies of papers in [Cavalry's] possession which bear [Miner's] signature and which concern the debt being collected; and . . . [a]ny ledger, account card, or similar record in [Cavalry's] possession which reflects the date and amount of payments, credits, and charges concerning my alleged debt."; and

   b. Requesting that Cavalry cease contacting him. (**Exhibit B**.)

14. Cavalry, however, failed to provide adequate verification of the debt. Instead, Cavalry provided a computer printout on its letterhead with none of the documentation that Miner requested. (**Exhibit C**.) This purported verification was also deceptive and misleading because it provided virtually no information about Miner's liability to Cavalry beyond the information already provided in the initial communication.

15. By failing to provide adequate verification of the debt, Cavalry violated 15 U.S.C. § 1692g. To date, Miner still has been provided with no documentation that Cavalry actually owns his account.

16.     Cavalry then sent another collection letter to Miner on August 12, 2012 about the same account, asking for him to make payment. (**Exhibit D**.)

17.     By sending this letter to Miner in violation of his cease-and-desist request, Cavalry violated 15 U.S.C. § 1692c.

18.     Miner has been damaged as a result of Cavalry's violations, including inconvenience, loss of time, mental anguish at having his rights violated, anxiety, and tension.

## Request for Relief

WHEREFORE, Miner requests that the Court issue judgment in his favor and against Cavalry, and as well as the following relief:

a) A judgment that Cavalry violated the FDCPA;

b) Actual and compensatory damages, including for emotional distress;

c) Statutory damages in the amount of $1,000;

d) Costs, interest, and attorney fees; and

e) All other relief to which he is entitled at law or in equity.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
Tel  (617) 830-1795
Fax  (617) 830-1576
jculik@culiklaw.com

Attorney for Plaintiff Sean P. Miner

November 2, 2012

5